No. 10,147.

THE PEOPLE EX REL. THOMPSON *v.* PURCELL, SUPERINTENDENT OF THE STATE INDUSTRIAL SCHOOL FOR GIRLS.

Decided November 7, 1921.

Petition for writ of habeas corpus. Demurrer to return overruled and petition dismissed.

*Reversed.*

1.  WORDS AND PHRASES—*"Incorrigible"* means unmanageable by parents or guardians.

2.  GIRLS—*Incorrigibility—Industrial School.* Section 3076, R. S. 1908, does not authorize the commitment of a girl to the state industrial school, for incorrigibility.

3. HABEAS CORPUS—*Writ*—*Return.* Where the return to a petition for a writ of habeas corpus discloses that the court had no jurisdiction to commit the petitioner, he should be discharged.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. JOHN M. GLOVER, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. FORREST C. NORTHCUTT, assistant, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us to review a judgment of the district court of Jefferson County which overruled a demurrer to the return filed in a habeas corpus proceeding and dismissed the petition.

The return shows that the petitioner for a writ of habeas corpus is an inmate of the State Industrial School for Girls at Morrison and was committed to that institution by the Juvenile Court of the City and County of Denver as an incorrigible girl. The proceedings in the juvenile court were instituted against her by a complaint, at a time when she was over the age of sixteen years. It is assumed in the briefs that she could not have been proceeded against under any act relating to delinquent children, owing to her age. The complaint in the juvenile court recited that she "comes within the provisions of section 3076 of the Colorado Revised Statutes of 1908, * * * in this, to-wit: * * * is incorrigible and beyond the father's control." She was, therefore, charged with incorrigibility, and nothing else. The term "incorrigible" means unmanageable by parents or guardians. See 2 Words & Phrases, 2nd series, 1016. Section 3076 R. S. 1908, relied on to sustain a commitment to the State Industrial School for Girls for mere incorrigibility, reads as follows:

"All peace officers in any city, town or county in this state are empowered to arrest all girls habitually wandering around the streets or public places, or anywhere beyond the proper control of their parents or guardian, at

unseemly or improper hours. The girl so arrested shall be taken before the court or judge having jurisdiction of the person, as provided in section 32 of this act, and if it shall appear to said court or judge that the said girl is incorrigible, or is growing up in habits of vice and immorality, such girl may be committed to 'The state industrial school for girls.' "

The attorney general, in his brief, refers to this section as follows:

"From the above section, it clearly appears that if an incorrigible child is brought before the court, it has jurisdiction and power to commit her to the State Industrial School for Girls."

We cannot reach that conclusion. The section empowers peace officers to arrest, without a warrant, girls "habitually wondering around the streets," etc., and under certain circumstances such girls may be committed. It is not provided that any girl found to be incorrigible may be committed to the school. A girl may be incorrigible and still not be a street-walker. The only class of girls coming within the provisions of the section above quoted are those described therein. This conclusion is aided by a reference to section 3074 R. S. 1908, reading, in part, as follows:

"When any girl under the age of eighteen years and over the age of six years shall be convicted of any offense known to the laws of this state and punishable by fine or imprisonment, or both, * * * the court before whom such conviction shall be had, may, at its discretion, sentence such girl to the state industrial school for girls. * * *."

There is nothing in this section having to do with mere incorrigibility. Section 3076 R. S. 1908, already quoted, supplements the section last above quoted, by providing for the commitment of girls found "wandering around the streets," etc. The complaint involved in the instant case alleged no facts which would give the court jurisdiction to commit the petitioner to the state industrial school for girls, she being over the age of sixteen years and not within the statutes relating to delinquent children. Neither

did the findings of the juvenile court show such facts. In no finding or order is it recited that she was arrested for, or found guilty of, "habitually wandering around the streets," etc., but the return filed in this case incorporates various orders of the juvenile court which, in the matter of findings, go no further than to say that "the court finds that the parents of said child are unable to correct the said child."

The return, therefore, shows that the juvenile court had no jurisdiction to commit the petitioner to the state industrial school for girls. It was error to overrule the demurrer to the return. The judgment is reversed with directions to discharge the petitioner from the custody of the respondent.

Mr. Justice Teller, sitting for Mr. Chief Justice Scott, and Mr. Justice Whitford concur.